IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00302-BNB

LEROY BUHL,

    Plaintiff,

v.

R. SPROUL,
D. STAMPER,
K. LINCOLN,
BLAKE DAVIS,
C. DANIELS,
PAUL LAIRD,
GORDON HARPE,
FRED FRANDLE,
CHARLES SAMUELS, JR.,
R. MACK, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

ORDER

---

    This matter is before the court on the "Motion to Seal and Order Re: Caption" (ECF No. 5) filed by Plaintiff, Leroy Buhl.  Mr. Buhl is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Buhl initiated this action by filing a Prisoner Complaint alleging that prison officials have violated his rights under the United States Constitution.  He asks in the "Motion to Seal and Order Re: Caption" that the Prisoner Complaint be sealed and that he be allowed to proceed under the pseudonym "John Doe" to conceal his true identity.  He alleges that such precautions are necessary "since prison inmates use the electronic Law Library to identify Court Cases Such as this to

Seriously assault inmates Who 'break the Code of Silence.'" (ECF No. 5 at 1.)

The court must construe the motion liberally because Mr. Buhl is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motion will be denied.

Local rule of practice 7.2, D.C.COLO.LCivR, governs motions to restrict public access. "Unless restricted by statute, rule of civil procedure, or court order, the public shall have access to all documents filed with the court and all court proceedings." D.C.COLO.LCivR 7.2(a). A motion to restrict public access must:

> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) identify a clearly defined and serious injury that would result if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c).

Local rule of practice 7.2 recognizes that there is a presumptive right of public access to court filings and proceedings.

> The presumption of public access recognized and promoted by the local rule finds its root in the common law rights of access to judicial proceedings and to inspect judicial records-rights which are "beyond dispute." *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1067 (3d Cir. 1984). The reason for the presumption of open access to court proceedings is easily understood. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 509, 104 S. Ct. 819, 78 L. Ed.2d 629 (1984). The public has a fundamental interest in understanding the disputes presented to and decided by the courts, so as to assure that they are run fairly and that judges act honestly. *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980).

*Huddleson v. City of Pueblo*, 270 F.R.D. 635, 636 (D. Colo. 2010).

Of course, the public's right of access is not absolute. *See United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). The court has discretion to "seal documents if the public's right of access is outweighed by competing interests." *Id.* The court exercises this discretion "in light of the relevant facts and circumstances of the particular case." *Id.*

> [A]ccess has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case. Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing.

*Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978) (citations omitted).

Mr. Buhl's vague assertion that restricted access is necessary "since prison inmates use the electronic Law Library to identify Court Cases Such as this to Seriously

3

assault inmates Who 'break the Code of Silence'" (ECF No. 5 at 1) does not demonstrate the existence of any competing interests that outweigh the public's right of access. The claims Mr. Buhl asserts in the Prisoner Complaint consist of the following: an Eighth Amendment claim in which he alleges he was assaulted by two inmates in May 2012 and in which he challenges his placement at ADX (claim one); a Fifth Amendment claim challenging a prison disciplinary conviction stemming from the May 2012 assault (claim two); a First and Fifth Amendment retaliation claim in which he alleges an incident report was not expunged even though the disciplinary conviction was reversed (claim three); a First Amendment access to the courts claim in which he alleges he was unable to file a lawsuit challenging a 2009 administrative hearing because his impaired vision prevents him from using the prison law library (claim four); a claim under the Americans with Disabilities Act in which he alleges prison officials have refused to provide reasonable accommodations for his vision disability (claim five); and an Eighth Amendment claim in which he alleges prison officials have been deliberately indifferent to his serious medical needs by failing to provide vision-correction surgery (claim six). Mr. Buhl does not explain how these claims implicate the alleged "Code of Silence" and he fails to set forth specific factual allegations regarding the potential harm he apparently contends he will face if the Prisoner Complaint is not sealed.

Mr. Buhl's alternative request to proceed in this action under the pseudonym "John Doe" also will be denied. "Proceeding by pseudonym in federal court is, by all accounts, an unusual procedure." *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (internal quotation marks omitted). While the Federal Rules of Civil Procedure

require that all pleadings contain the names of the parties and identify the real parties at interest, "there may be exceptional circumstances warranting some form of anonymity in judicial proceedings." *Id.* These exceptional circumstances include "'matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity.'" *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

Mr. Buhl's request to proceed by pseudonym will be denied because he fails to allege specific facts that demonstrate any real danger of physical harm. As noted above, Mr. Buhl does not explain how the claims he is asserting in this action implicate the alleged "Code of Silence" and he fails to set forth specific factual allegations regarding the potential harm he apparently contends he will face if his true identity is known. Accordingly, it is

ORDERED that the "Motion to Seal and Order Re: Caption" (ECF No. 5) is DENIED. It is

FURTHER ORDERED that the clerk of the court shall remove the filing restrictions currently in place with respect to the Prisoner Complaint (ECF No. 1) filed in this action on January 31, 2014.

DATED February 10, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge