IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00302-BNB

LEROY BUHL,

    Plaintiff,

v.

R. SPROUL,
D. STAMPER,
K. LINCOLN,
BLAKE DAVIS,
C. DANIELS,
PAUL LAIRD,
GORDON HARPE,
FRED FRANDLE,
CHARLES SAMUELS, JR.,
R. MACK, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

ORDER DENYING MOTION TO RECONSIDER

This matter is before the Court on the "Motion to Reconsider the Court's Order of 4-3-14" (ECF No. 11) filed *pro se* by Plaintiff, Leroy Buhl. Mr. Buhl asks the Court to reconsider the Court's April 3, 2014 Order Denying Leave to Proceed In Forma Pauperis in Part (ECF No. 10). The Court must construe the motion liberally because Mr. Buhl is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be denied.

The three major grounds that justify reconsideration are: (1) an intervening

change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

Mr. Buhl asserts six claims for relief in his Prisoner Complaint (ECF No. 1). The Court denied Mr. Buhl leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with respect to four of the six claims because he is subject to the filing restriction in 28 U.S.C. § 1915(g); however, he makes credible allegations of imminent danger of serious physical harm with respect to two of his claims. The Court also directed Mr. Buhl to pay filing and administrative fees totaling $400.00 within thirty days if he wishes to pursue all six claims in this action.

In the motion to reconsider Mr. Buhl reiterates his allegations that prison officials failed to protect him from an assault in May 2012, which is the factual premise for an Eighth Amendment claim in the Prisoner Complaint. He apparently contends that these allegations are sufficient to demonstrate imminent danger of serious physical injury. However, Mr. Buhl does not demonstrate the existence of any new law or evidence or a need to correct clear error or prevent manifest injustice.

"There is only one exception to the prepayment requirement in § 1915(g)," and a prisoner with three or more strikes who seeks to fall within that exception must "make specific, credible allegations of imminent danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks omitted). Furthermore, "[e]very circuit to have decided the issue so far has concluded

that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Hafed*, 635 F.3d at 1179 (collecting cases). Allegations of past injury or harm are not sufficient. *See Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008).

After review of the motion to reconsider and the entire file, the Court remains convinced that Mr. Buhl's allegations of past injury with respect to his Eighth Amendment claim that prison officials failed to protect him from an assault in May 2012 do not demonstrate imminent danger of serious physical injury at the time he filed the instant action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion to Reconsider the Court's Order of 4-3-14" (ECF No. 11) is DENIED.

DATED at Denver, Colorado, this  25th  day of    April         , 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court