IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00302-BNB

LEROY BUHL,

    Plaintiff,

v.

R. SPROUL,
D. STAMPER,
K. LINCOLN,
BLAKE DAVIS,
C. DANIELS,
PAUL LAIRD,
GORDON HARPE,
FRED FRANDLE,
CHARLES SAMUELS, JR.,
R. MACK, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW CASE

Plaintiff, Leroy Buhl, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Buhl initiated this action by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that prison officials have violated his rights under the United States Constitution. Mr. Buhl also asserts a claim pursuant to the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101, et seq., and the Rehabilitation Act of 1973, 29 U.S.C. § 794.

On April 3, 2014, the Court denied Mr. Buhl leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with respect to claims one through four in the Prisoner Complaint because Mr. Buhl is subject to the filing restriction in § 1915(g) and he failed to demonstrate he was in imminent danger of serious physical injury with respect to those claims. The Court ordered Mr. Buhl to pay the full amount of $400.00 necessary to commence a civil action ($350.00 filing fee pursuant to 28 U.S.C. § 1914(a) plus a $50.00 administrative fee) if he wishes to pursue claims one through four in this action. Mr. Buhl was warned that claims one through four would be dismissed without further notice if he failed to pay the full amount of $400.00 within thirty days. On April 25, 2014, the Court denied Mr. Buhl's motion to reconsider the order denying him leave to proceed *in forma pauperis* with respect to claims one through four.

Mr. Buhl has failed to pay the full amount of $400.00 within the time allowed. Therefore, claims one through four in the Prisoner Complaint will be dismissed without prejudice. The following Defendants will be dismissed as parties to this action because the only claims asserted against them in the Prisoner Complaint are claims one through four: R. Sproul, D. Stamper, K. Lincoln, Paul Laird, Gordon Harpe, Fred Frandle, Charles Samuels, Jr., and R. Mack. The only remaining Defendants in this action will be Blake Davis, C. Daniels, and the Federal Bureau of Prisons.

The Court will not address at this time the merits of Mr. Buhl's remaining claims in the Prisoner Complaint. Instead, the action will be drawn to a presiding judge and, if applicable, to a magistrate judge as provided in D.C.COLO.LCivR 8.1(c).

Finally, the Court will address the letter to the Court (ECF No. 15) that has been docketed as a motion to reconsider. The Court construes the letter as an objection to a

Minute Order (ECF No. 13) entered by Magistrate Judge Boyd N. Boland on April 24, 2014.  In the minute order Magistrate Judge Boland denied Mr. Buhl's "Motion to Amend Complaint to Include Additional Defendants" (ECF No. 12) without prejudice because Mr. Buhl had not tendered to the Court a proposed amended pleading.  Mr. Buhl contends in the objection that he is unable to prepare a proposed amended pleading because of a vision disability and he asks the Court to construe the "Motion to Amend Complaint to Include Additional Defendants" (ECF No. 12) as a proposed amended pleading.

Pursuant to 28 U.S.C. § 636(b)(1)(A) a judge may reconsider any pretrial matter designated to a magistrate judge to hear and determine where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.  The Court has reviewed the file and finds that Magistrate Judge Boland's minute order denying without prejudice Mr. Buhl's "Motion to Amend Complaint to Include Additional Defendants" (ECF No. 12) because he failed to tender a proposed amended pleading is not clearly erroneous or contrary to law.  Mr. Buhl may not litigate his claims in piecemeal fashion.  Furthermore, the Court's local rules require unrepresented parties to "use the forms . . . posted on the court's website," D.C.COLO.LCivR 5.1(c), and Mr. Buhl did not do so.  Finally, the Court notes that Mr. Buhl's vision disability has not prevented him from preparing and filing either the "Motion to Amend Complaint to Include Additional Defendants" (ECF No. 12) or his objection to Magistrate Judge Boland's minute order denying that motion.  Therefore, the liberally-construed objection will be overruled.  Accordingly, it is

ORDERED that claims one through four in the Prisoner Complaint (ECF No. 1)

are dismissed without prejudice.  It is

      FURTHER ORDERED that Defendants R. Sproul, D. Stamper, K. Lincoln, Paul Laird, Gordon Harpe, Fred Frandle, Charles Samuels, Jr., and R. Mack are dismissed as parties to this action because the only claims asserted against them are being dismissed.  It is

      FURTHER ORDERED that the motion for reconsideration (ECF No. 15), which the Court construes as an objection to a Minute Order (ECF No. 13), is overruled.  It is

      FURTHER ORDERED that this case shall be drawn to a presiding judge and, if applicable, to a magistrate judge.

      DATED at Denver, Colorado, this   14th   day of     May          , 2014.

                            BY THE COURT:

                              s/Lewis T. Babcock
                            LEWIS T. BABCOCK, Senior Judge
                            United States District Court