**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00302-REB-CBS

LEROY BUHL,

    Plaintiff,

v.

BLAKE DAVIS,
C. DANIELS, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the **Federal Bureau of Prisons' Motion to Dismiss Pursuant to Fed. R. Civ. p. 12(b)(1) and 12(b)(6)** [#29][1] filed August 15, 2014; (2) the **Federal Bureau of Prisons' Partial Motion for Summary Judgment for Failure to Exhaust Administrative Remedies** [#30] filed August 15, 2014; (3) the **Cross Motion for Summary Judgment** [#41] of the plaintiff, filed October 16, 2014; (4) the **"Motion in Traverse" and "Renewed Motion for Summary Judgment"** [#48] filed November 19, 2014; (5) the recommendation [#54] of the United States Magistrate Judge which was made from the bench and is reflected in a transcript [#57] of that hearing; and (6) the **"Motion for Declaratory Judgment Addendum"**

---

[1] "[#29]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[#61] filed March 13, 2015.  The plaintiff filed a combined response [#33] addressing the motions of the defendants, and the defendants filed replies [#38 & #39].  The defendants filed responses [#47 & #50] to the motions for summary judgment of the plaintiff.  The plaintiff filed an **"Addendum to Motion for Summary Judgment"** [#51].  The plaintiff filed objections [#60] to the recommendation.

The magistrate judge conducted a hearing [#53] on the four motions.  The plaintiff, Leroy Buhl, is incarcerated and is acting *pro se*.  Mr. Buhl participated in the hearing by telephone.  Addressing the issues raised in the motions from the bench, the magistrate judge recommended that the motion to dismiss and motion for summary judgment of the defendants be granted and that the motions of the plaintiff be denied.  Mr. Buhl was provided with a transcript [#57] of the hearing.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.  Because the plaintiff is proceeding *pro se*, I have construed his pleadings and other filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  I overrule the objections and approve and adopt the recommendation.

The plaintiff, Leroy Buhl, is a prisoner incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. Still pending are his fifth and sixth claims for relief.  His other claims were dismissed previously.  Defendants Blake Davis and C. Daniels never have been served with a summons and complaint.  Thus, the

2

magistrate judge concluded, correctly, that the only defendant currently before the court is the Federal Bureau of Prisons.

In his fifth claim for relief, Mr. Buhl alleges that the Bureau of Prisons has failed and refused to provide any accommodations for the vision impairment suffered by Mr. Buhl. He says he has difficulty walking in his cell and using the shower. He says he is in great danger of falling when leaving his cell, and he is unable to read or write clearly. He contends these facts demonstrate violations of the Americans with Disabilities Act (ADA) and the Rehabilitation Act.

The magistrate judge concluded that the Bureau of Prisons is not subject to suit under Title II of the ADA. This is true because the federal government is not included within the definition of the term "public entity" under the ADA. 42 U.S.C. § 12131(1). *Transcript*, pp. 39 - 41. The Bureau of Prisons moved for summary judgment on the Rehabilitation Act claim of Mr. Buhl, arguing that he has not exhausted his administrative remedies on this claim. The magistrate judge found Mr. Buhl has not come forward with evidence to support his contention that he exhausted his administrative remedies as to his Rehabilitation Act claim. *Transcript*, p. 47.

In his sixth claim for relief, Mr. Buhl alleges a violation of the Eighth Amendment. Mr. Buhl suffers from cataracts. He alleges that his cataracts substantially obstruct and impair his vision. He says a medical doctor has determined that it is clinically necessary for Mr. Buhl to have vison correction surgery, but the individual defendants have failed to schedule Mr. Buhl for this surgery. Mr. Buhl contends this constitutes a violation of his Eighth Amendment right against cruel and unusual punishment.

The magistrate judge found that the sixth claim for relief is subject to dismissal for failure to state a claim on which relief can be granted. He noted that the complaint

[#1] does not specify when a doctor made the determination that Mr. Buhl needs surgery; it does not specify the nature of the involvement of the individual defendants; or what the individual defendants knew about the conclusion of the doctor or the condition of Mr. Buhl. The magistrate judge concluded that the sixth claim for relief does not include sufficient factual allegations, particularly allegations which might show that specific Bureau of Prisons employees acted with deliberate indifference to the medical condition of Mr. Buhl. *Transcript* [#57], pp. 26 - 38. The magistrate judge noted that he is not suggesting that Mr. Buhl cannot allege sufficient facts to make this claim viable, but he concluded that the current complaint does not include sufficient factual allegations. *Transcript* [#57], p. 35. The magistrate judge recommends that Mr. Buhl be given an opportunity to file an amended complaint concerning his sixth claim for relief.

Based on my *de novo* review of the record, I concur with the analysis and conclusions of the magistrate judge. The objections [#60] do not vitiate the position of the magistrate judge.

In his most recent filing, the **"Motion for Declaratory Judgment Addendum"** [#61] filed March 13, 2015, Mr. Buhl Mr. Buhl says he recently was provided with surgery to his right eye. That surgery, he says, restored fifty percent of his vision. Because the defendants have partially acquiesced to the relief sought by Mr. Buhl, he contends he is entitled to entry of judgment on his claims. The fact that the defendants provided Mr. Buhl with some of the relief he seeks does not constitute a concession by the defendants that Mr. Buhl has asserted a valid claim in this case. Therefore, the **"Motion for Declaratory Judgment Addendum"** [#61] will be denied.

**THEREFORE, IT IS ORDERED** as follows:

1. That the recommendation [#54] of the United States Magistrate Judge, which was made from the bench and is reflected in a transcript [#57] of that hearing, is approved and adopted as an order of this court;

2. That the **Federal Bureau of Prisons' Motion to Dismiss Pursuant to Fed. R. Civ. p. 12(b)(1) and 12(b)(6)** [#29] filed August 15, 2014, is granted;

3. That under Fed. R. Civ. P. 12(b)(1), that portion of the fifth claim for relief asserting a claim under the Americans With Disabilities Act is dismissed with prejudice for lack of jurisdiction;

4. That under Fed. R. Civ. P. 12(b)(6), that portion of the sixth claim for relief asserting a claim under the Eighth Amendment is dismissed without prejudice;

5. That the **Federal Bureau of Prisons' Partial Motion for Summary Judgment for Failure to Exhaust Administrative Remedies** [#30] filed August 15, 2014, is granted;

6. That under Fed. R. Civ. P. 56, that portion of the fifth claim for relief asserting a claim under the Rehabilitation Act is dismissed with prejudice for failure to exhaust administrative remedies;

7. That the **Cross Motion for Summary Judgment** [#41] of the plaintiff, filed October 16, 2014, is denied;

8. That the **"Motion in Traverse" and "Renewed Motion for Summary Judgment"** [#48] filed November 19, 2014, is denied;

9. That the **"Motion for Declaratory Judgment Addendum"** [#61] filed March 13, 2015, is denied; and

10. That by April 27, 2015, the plaintiff, Leroy Buhl, may file an amended complaint amending and restating his claim under the Eighth Amendment which claim is

now alleged in the complaint [#1] as the sixth claim for relief.

Dated March 16, 2015, at Denver, Colorado.

BY THE COURT:

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge