IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00302-REB-CBS

LEROY BUHL,

        Plaintiff,

v.

BLAKE DAVIS,
C. DANIELS,
ANTHONY OSAGIE,
CHARLES SAMUELS, and
FEDERAL BUREAU OF PRISONS,

        Defendants.

---

## REPORT AND RECOMMENDATION

---

Magistrate Judge Shaffer

    This matter comes before the court on Plaintiff's "Motion to Amend Complaint to Include an Additional Defendant: Steven Clough" (Doc. 85) filed on July 8, 2015 and his "Motion for Temporary Restraining Order and a Preliminary Injunction" (Doc. 96) filed on July 29, 2015. These motions were referred to the Magistrate Judge by Orders of Reference dated July 9, 2015 (Doc. 88) and July 30, 2015 (Doc. 97), respectively. Because Plaintiff is not an attorney, his Motions have been construed liberally. *Hall v. Bellmon*, 935 F.2d 106, 1110 (10th Cir. 1991). However, the court cannot act as the *pro se* litigant's advocate. *Id*.

    The court has reviewed the Motions, the corresponding responses and replies, the entire case file, and the applicable law. As set forth below, the court recommends that Plaintiff's Motions be denied.

1

I.      **Plaintiff's motion to amend should be denied because amendment would be futile.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." However, a court may deny a motion to amend if the amendment would be futile. *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007). A proposed amendment is futile "if the complaint, as amended, would be subject to dismissal." *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1018 (10th Cir. 2013). The decision to grant or deny a motion to amend rests within the sound discretion of the district court. *See Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

In his Motion to Amend (Doc. 85), Plaintiff requests permission to amend his complaint and add Dr. Steven Clough as a defendant. Upon review of Plaintiff's proposed amended complaint, however, the court concludes that the amendment would be futile and, consequently, recommends that the Motion to Amend be denied.[1]

In his proposed amendments, Plaintiff alleges that Dr. Clough "illicitly" amended the Regional Medical Director's authorization for cataract surgery on Plaintiff's left eye. (Doc. 85 at 7). Plaintiff also attaches a copy of his medical records, which apparently shows Dr. Clough "overriding" the decision of the Regional Medical director.[2] *Id*. at 3. However, this medical record only shows that Dr. Clough *recommended* that the cataract surgery be performed on Plaintiff's right eye rather than on his left eye. *Id*. In addition, this evidence demonstrates that, contrary to his arguments, Plaintiff's vision was actually worse in his right eye. *Id*. (stating that

---

[1] Plaintiff's Motion to Amend could alternatively be denied on the grounds that he has not complied with Local Rule 15.1. Under this rule, a party who files a proposed motion for leave to amend must attach a copy of the proposed pleading. The proposed amended complaint must stand alone and it must contain all of Plaintiff's claims. D.C.Colo.LCivR 15.1. Here, however, Plaintiff only attached his proposed allegations relevant to Dr. Clough rather than a complete complaint.

[2] The court may consider documents outside of the complaint that are central to the plaintiff's claims and to which the plaintiff refers in the complaint. *GFF Corp. v. Associated Wholesale Grocers*, 130F.3d 1381, 1384 (10th Cir. 1997).

"Aided [Visual Acuity]" in right eye (OD) was "20/70+1" and visual acuity in left eye (OS) was "20/60-2"). Thus, Plaintiff's contention that Dr. Clough unilaterally changed the Regional Medical Director's recommendation is undermined by his own exhibit.

Rather, it is clear that Plaintiff's allegations and arguments amount to little more than a disagreement with Dr. Clough's recommended course of treatment. Unfortunately for Plaintiff, a prisoner's disagreement with medical personnel over the course of his treatment does not make out a cause of action. *Perkins v. Kansas Dept. of Corr.*, 165 F.3d 803, 811 (10th Cir. 1999). "A prison doctor remains free to exercise his or her independent professional judgment and an inmate is not entitled to any particular course of treatment." *Callahan v. Poppell*, 471 F.3d 1155, 1160 (10th Cir. 2006) (citing *Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997)). At most, Plaintiff's disagreement with Dr. Clough's recommendation amounts to an allegation of medical malpractice, which is also not actionable under the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

Because Plaintiff's proposed amendment would ultimately be subject to dismissal, the court finds that amendment would be futile and recommends that Plaintiff's Motion to Amend be denied. *Anderson*, 499 F.3d 1238 (a motion to amend may be denied where amendment is futile).

## II.     Plaintiff has not established that he is entitled to a preliminary injunction.

A moving party must meet four prerequisites for temporary or injunctive relief: (1) demonstrate a substantial likelihood that he will eventually prevail on the merits; (2) show that he will suffer irreparable injury unless injunctive relief is provided; (3) offer proof that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause to the opposing party; and (4) show that the injunction, if issued, would not be adverse to the

public interest. *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). Preliminary injunctions are an extraordinary remedy; thus, "the right to relief must be clear and unequivocal." *Id.* (quoting *SCFC ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1098 (10th Cir. 2001)) (internal quotation marks omitted).

The purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). Consequently, the Tenth Circuit has identified "three types of particularly disfavored preliminary injunctions . . . : (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Schrier v. Univ. of Co.*, 427 F.3d 1253, 1258-59 (10th Cir. 2005) (quoting *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004) (en banc)). These disfavored injunctions are subjected to a heightened standard of proof and are "more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary in even the normal course." *O Centro*, 389 F.3d at 975.

In his motion, Plaintiff has requested an injunction ordering the BOP to provide him with cataract surgery on his left eye.[3] Because this is the ultimate relief that he seeks in his complaint, his request "must be more closely scrutinized." *Id*. Plaintiff must "make a strong showing both

---

[3] Plaintiff also demands that he be provided with cholesterol medicine. However, Plaintiff's need for cholesterol medicine has never been an issue in this case and thus, cannot provide the basis for a preliminary injunction in this lawsuit. *See Parker v. Zavaras*, No. 08-cv-00737-MSK-KLM, 2010 WL 6389329, at *1 (D. Colo. April 19, 2010) ("Because the purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm pending resolution of the lawsuit, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (Internal quotation marks and citations omitted). Furthermore, Plaintiff admits that — since the filing of this motion — he has been provided with the cholesterol medicine. (Doc. 103 at ¶ 4). Thus, the issue is moot.

with regard to the likelihood of success on the merits and with regard to the balance of the harms . . . ." *Id.*

It is well established that "[b]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (citation's omitted). Irreparable harm means an injury that is "certain, great, actual, 'and not theoretical.'" *Heideman v. South Salt Lake City*, 248 F.3d 1182, 1189 (10th Cir. 2003) (quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). The movant must demonstrate that "'the injury complained of is of such imminence that there is a clear and present need for equitable relief' to prevent irreparable harm." *Id.*

As the court understands his motion, Plaintiff contends that the Defendants' refusal to provide him with cataract surgery has resulted in his high cholesterol, which is at life-threatening levels. (Doc. 96 at ¶¶ 2-4). However, Plaintiff has provided nothing other than his conclusory assertions to link the medical findings of high cholesterol to the Defendants' alleged deliberate indifference to his cataracts. None of the evidence submitted by Plaintiff suggests that Plaintiff's cholesterol levels can plausibly be related to his eye condition. In addition, even taking all of Plaintiff's allegations together and construing them liberally and in the light most favorable to him, Plaintiff has not demonstrated that his alleged injuries are "certain, great, actual 'and not theoretical.'" *Heideman*, 348 F.3d at 1189. Plaintiff has failed to allege any harm that is more than "merely serious or substantial," and, therefore, he cannot meet his burden for this prong. *Id.*

Further, even if Plaintiff could show some irreparable harm, he must also demonstrate that "the threatened injury . . . outweighs whatever damage the proposed injunction may cause

the opposing party" and that "the injunction, if issued, would not be adverse to the public interest." *Schrier*, 427 F.3d at 1258. Here, however, Plaintiff has entirely failed to address either of these elements. (*See* Doc. 96).

Finally, Plaintiff must make a strong showing that he has a substantial likelihood of success on the merits of his claim. *Id*. Plaintiff's motion for injunctive relief is based on his claim that his Eighth Amendment rights were violated: He alleges that prison officials have been deliberately indifferent to his serious medical needs. "The test for constitutional liability of prison officials involves both an objective and a subjective component." *Mata v. Saiz,* 427 F.3d 745, 751 (10th Cir. 2005) (internal quotations and citation omitted). First, the prisoner must "produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Second, under the subjective component, the prisoner must establish deliberate indifference to his serious medical needs by "present[ing] evidence of the prison official's culpable state of mind." *Id*.

Here, aside from several medical documents — which on their face bear no relation to one another — Plaintiff has not offered any evidence that Defendants were deliberately indifferent to his serious medical need. Rather, he offers only bare and conclusory assertions regarding the same. For example, Plaintiff alleges that Defendant Osagie and Defendant BOP knew that Plaintiff's elevated cholesterol levels were being caused by his eye condition; but, according to Plaintiff, they disregarded this risk with the intent to cause Plaintiff's death. (Doc. 96 at ¶¶ 3-4). Such conclusory assertions, however, without any supporting factual averments are insufficient to show that the Defendants have acted with the requisite state of mind. *See Hall*, 935 F.2d at 1110 (holding that a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based"); *Bryant v.*

*NFL*, No. 07-cv-02186-MSK-MJW, 2007 WL 3054985, at *2 (D. Colo. Oct. 18, 2007) (unpublished) (holding that unverified, conclusory allegations will not support a motion for injunctive relief). Consequently, the court finds that the likelihood of success on the merits of Plaintiff's Eighth Amendment claim is sufficiently in doubt.

## CONCLUSION

Based on the foregoing, the court RECOMMENDS that Plaintiff's "Motion to Amend Complaint to Include an Additional Defendant: Steven Clough" (Doc. 85) be DENIED as futile. The court FURTHER RECOMMENDS that Plaintiff's "Motion for Temporary Restraining Order and a Preliminary Injunction" (Doc. 96) be DENIED for failure to satisfy the four prerequisites to obtaining a preliminary injunction.

## ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. Once Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the district court of the magistrate judge's proposed findings and recommendations and will result in waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the

magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve the issue for *de novo* review by the district court or appellate review); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 3rd day of December, 2015.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge