**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00302-REB-CBS

LEROY BUHL,

    Plaintiff,

v.

BLAKE DAVIS,
C. DANIELS,
ANTHONY OSAGIE,
CHARLES SAMUELS, and
FEDERAL BUREAU OF PRISONS

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the **Motion to Amend Complaint to Include an Additional Defendant: Steven Clough** [#85][1] filed July 8, 2015; (2) the **Motion for Temporary Restraining Order and a Preliminary Injunction** [#96] filed July 29, 2015; and (3) the **Recommendation of United States Magistrate Judge** [#115] filed December 3, 2015. The plaintiff filed objections [#121] to the recommendation. I overrule the objections, approve and adopt the recommendation, and deny the motions.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the

---

[1] "[#85]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

recommendation to which the plaintiff objects.  I have considered carefully the recommendation, the objections, the other filings in this case, and the applicable case law.

Mr. Buhl is proceeding *pro se.* Thus, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

### I. Motion to Amend

The plaintiff, Leroy Buhl, is an inmate incarcerated by the Federal Bureau of Prisons.  Mr. Buhl suffered from cataracts in both eyes. He seeks to add Dr. Steven Clough as a defendant. The plaintiff alleges that Dr. Clough "illicitly" amended the Regional Medical Director's authorization for cataract surgery on his left eye. The plaintiff provided the court with a copy of his medical records, which he claims show Dr. Clough "overriding" the decision of the Regional Medical Director to perform cataract surgery on his left eye. The medical record shows, however, that Dr. Clough merely recommends that the plaintiff receive cataract surgery on his right eye before receiving surgery on his left eye.  Dr. Clough's recommendation seems to be based on the fact that the plaintiff's vision was actually worse in his right eye. Therefore, the plaintiff's contention that Dr. Clough "impermissibly overrode" the Regional Medical Director's recommendation is in fact vitiated by the plaintiff's own exhibit.

As the magistrate judge points out, it is clear that the allegations of the plaintiff and his arguments amount to little more than a disagreement with Dr. Clough's recommendations. The magistrate judge is correct that a disagreement between a

prisoner and medical personnel as to the course of his treatment does not create a cause of action. **Perkins v. Kansas Dept. Of Corr.**, 165 F.3d 803, 811 (10th Cir. 1999). At most, the plaintiff's allegations amount to a claim for medical malpractice, which is not actionable under the Eighth Amendment. **See Estelle v. Gamble**, 429 U.S. 97 (1976).

The magistrate judge concluded that the plaintiff's motion to amend should be denied because the claim would ultimately be subject to dismissal and thus the amendment would be futile. Subject to Federal Rule of Civil Procedure 15(a), a complaint may be amended when justice so requires. However, a court may deny a motion to amend if the court determines the amendment would be futile. **Anderson v. Suiters**, 499 F.3d 1228, 1238 (10th Cir. 2007). Such a proposed amendment is futile when the complaint, as amended, would be subject to dismissal. **Full Life Hospice, LLC v. Sebelius**, 709 F.3d 1012, 1018 (10th Cir. 2013). As the magistrate judge correctly finds in his recommendation, the plaintiff's own exhibit vitiates his claims against Dr. Clough.  Thus, amending the complaint to include Dr. Clough would be futile.

## II. Motion for Injunctive Relief

The plaintiff also requests an injunction ordering the Bureau of Prisons to provide him with cataract surgery on his left eye. However, according to the objections to the recommendation filed by the plaintiff [#121], the plaintiff has received that surgery. Thus, his motion for injunctive relief is moot.

## III. Conclusion

The magistrate judge provides a thorough description of the facts evidenced in the record and an accurate application of the law to those facts.  Properly, the

3

magistrate judge concludes that the motion to amend amd the motion for injunctive relief filed by the plaintiff should be denied.   Nothing in the objections [#121] of the plaintiff undermines the reasoning and conclusions of the magistrate judge.   Therefore, I approve and adopt the recommendation [#115] and deny the motion to amend as well as the motion for injunctive relief.

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Recommendation of United States Magistrate Judge** [#115] filed December 03, 2015, is approved and adopted as an order of this court;

2.  That the objections [#121] of the plaintiff are overruled;

3.  That the **Motion to Amend Complaint to Include an Additional Defendant: Steven Clough** is denied as futile;

4.  That the **Motion for Temporary Restraining Order and a Preliminary Injunction** is denied as moot.

Dated January 25, 2016, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge