IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00302-REB-CBS

LEROY BUHL,

       Plaintiff,

v.

BLAKE DAVIS,
[CHARLES] DANIELS,
ANTHONY OSAGIE,
CHARLES SAMUELS, and
FEDERAL BUREAU OF PRISONS,

       Defendants.

---

**RECOMMENDATION REGARDING DEFENDANT FEDERAL
BUREAU OF PRISONS' MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

---

Magistrate Judge Shaffer

       Pending before this court is Defendant Federal Bureau of Prison's Motion to Dismiss

Plaintiff's Amended Complaint [Doc. 64] Pursuant to Fed. R. Civ. P. 12(b)(6) (doc. #70), filed

on May 8, 2015.[1]  Briefing on this motion is complete in the wake of the response briefs (doc.

---

[1] This motion is only directed to the claims asserted against the Federal Bureau of Prisons, as defense counsel "is not authorized to represent any of the individual defendants."  As of June 12, 2015, none of the individual defendants had been served with the Amended Complaint (doc. #64) or had affirmatively waived service.  On December 1, 2015, this court entered an Order (doc. #111) directing the Clerk of the Court to obtain, if possible, a waiver of service from Defendants Davis, Daniels, Osagie and Charles (hereinafter the "Individual Defendants").  If waivers could not be secured, the Marshal's Service was directed to serve a copy of the Amended Complaint and summons upon those individuals.  Defendants Davis, Daniels, Osagie and Samuels waived service on January 8, 2016. (doc. #129).

#74 and #87) filed by Plaintiff Buhl on May 21, 2015 and July 8, 2015, and the reply (doc. #79)

filed by Defendant Federal Bureau of Prisons on June 12, 2015.  Pursuant to the Order of

Reference dated May 14, 2014 (doc. #19) and a separate memorandum dated May 8, 2015 (doc.

#71), the instant motion was referred to the Magistrate Judge.  The court has reviewed the

parties' briefs and attached exhibits, the pleadings, the entire case file, and the applicable law,

and is sufficiently advised in the premises.  For the following reasons, I recommend that

Plaintiff's claims against Defendant Federal Bureau of Prisons be dismissed.

## PROCEDURAL BACKGROUND

This case was commenced by the *pro se* Plaintiff, Leroy Buhl, on January 31, 2014, with

the filing of his original Complaint.  Plaintiff Buhl filed his Amended Complaint (doc. #64) on

April 13, 2015 and that remains the operative pleading in this case.  The Amended Complaint

names as defendants Blake Davis, Charles Daniels, Anthony Osagie, Charles Samuels, and the

Federal Bureau of Prisons, and asserts subject matter jurisdiction based on 28 U.S.C. § 1331 and

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[2]  In

sum, Mr. Buhl contends that his "life and limb has/is being threatened by the defendant[s']

---

[2] *But see Correctional Services Corp. v. Malesko,* 534 U.S. 61, 72 (2001) (noting that while a federal prisoner may assert a *Bivens* claim against an individual officer for alleged constitutional violations, that same prisoner "may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP").  Mr. Buhl also invokes the District Court's subject matter jurisdiction based on 28 U.S.C. § 1332 (diversity of citizenship), § 1361 (mandamus), § 1367 (supplemental jurisdiction), § 2201 (declaratory judgments), and § 2202 ("further relief").  In that regard, "federal district courts . . . have jurisdiction over claims by federal prisoners against federal prison officials seeking vindication of their constitutional rights under 28 U.S.C. § 1331 or 28 U.S.C. § 1361, and may obtain relief in the nature of either injunction or mandamus."  *Simmat v. United States Bureau of Prisons*, 413 F.3d 1225, 1236  (10th Cir. 2005) (suggesting, however, that "[i]n cases seeking specific relief of a nondiscretionary nature, mandamus would seem to be the more closely tailored avenue for relief").

2

reckless deliberate indifference to plaintiff's specific health and medical needs." Because of cataracts in both eyes, starting in 2008, Mr. Buhl experienced "increased difficulty functioning in his daily life" and suffered "visual blind spots and inability to differentiate distances," which caused him to collide with stationary objections (such as his concrete bed, a desk stool and shelving) resulting "in bruises, abrasions, and lumps on plaintiff's head, arms, torso and legs." Each of the named defendants allegedly "has had the responsibility to provide plaintiff with adequate and commensurate medical treatments that were continuously recommended by their own contract optometrist." Mr. Buhl specifically asserts that "Defendant Federal Bureau of Prisons has continuously failed/refused to transport plaintiff to a federal medical center or contract medical facility for much needed eye surgery to remove the cataracts that severely diminish(ed) plaintiff's vision and his ability to function within the confines of A.D.X." The Amended Complaint seeks money damages from those defendants sued "in their individual capacities",[3] and "declaratory and injunctive relief" from Defendant Federal Bureau of Prisons.

## ANALYSIS

The Federal Bureau of Prisons has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d

---

[3] Mr. Buhl's Request for Relief seeks "compensatory damages of $125,000.00," "punitive damages of $175,000.00," and a "declaratory judgment that the defendants are liable for 50% (fifty percent) of damages noted above, because Plaintiff was provided eye surgery on March 2, 2015, which resulted in right eye restoration." *But see Ellis v. Bureau of Prisons,* 239 F. App'x 466, 469 (11th Cir. 2007) (holding that a claim for monetary damages against the Federal Bureau of Prisons is not cognizable under *Bivens*).

1090, 1098 (10th Cir. 2009)).

To withstand a motion to dismiss, a complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174 (10th Cir. 2007), "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* at 1177. "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Okla.,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 555 U.S. at 556). The purpose of this pleading requirement is two-fold: "to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense, and to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citation and internal quotation marks omitted).

> The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted. In doing so, the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. However, the Court need not accept conclusory allegations.

*Jordan-Arapahoe, LLP v. Bd. of Cty. Comm'rs of the Cty. of Arapahoe*, No. 08-cv-02790-PAB-MJW, 2009 WL 2924777, at *2 (D. Colo. Sept. 9, 2009) (internal quotation marks and citations omitted). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the

4

legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Although the instant motion seeks relief under Rule 12(b)(6), more recent events call into question the District Court's subject matter jurisdiction over Defendant Federal Bureau of Prisons in this case. On December 30, 2015, Mr. Buhl filed a Motion for Summary and Declaratory Judgement (doc. #126). In that motion, Plaintiff acknowledged that the cataracts in his right eye were surgically removed on March 2, 2015. He also notified the court that "the defendants" on December 7, 2015 "provided me surgery to remove cataracts from my left eye." In the wake of those surgical procedures, and after a four-year delay in providing that medical care, Mr. Buhl argues that he is "now fully entitled to Summary and Declaratory Judgment." According to Plaintiff, "Declaratory Judgment is warranted when claims for relief were acceded to by defendants during the litigation before the court."[4] Setting aside Mr. Buhl's claims against the Individual Defendants,[5] Plaintiff's recent surgeries directly implicate the claim for declaratory and injunctive relief on that he has brought against the Federal Bureau of Prisons.

As courts of limited jurisdiction, federal district courts must carefully examine the facts and law in every case to ensure that they have subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court

---

[4] In support of his argument, Mr. Buhl cites "[t]his court's ruling in *Anderson v. Raemisch* [which] cited *Jordan v. Wiley*, 477 Fed. App'x. 796 (Feb. 9, 2012)." With all due respect to Mr. Buhl, I could not find those cases on Westlaw when I was researching this Recommendation. I did, however, find *Jordan v. Wiley*, 477 F. App'x 525 (10th Cir. 2012).

[5] On January 1, 2016, this court denied without prejudice Mr. Buhl's Motion for Summary and Declaratory Judgment. (doc. #128) That motion, at the very least, was premature as the Individual Defendants did not even waive service of process until January 8, 2016. The Individual Defendants to date have not answered or otherwise responded to the Amended Complaint. This court cannot presume, at this time, that the Individual Defendants have "acceded" to any of Mr. Buhl's claims for relief.

must dismiss the action."). "[T]his duty includes the obligation to examine . . . whether a *favorable* judgment on the plaintiff's chosen cause of action would redress its claimed injuries." *The Wilderness Soc'y v. Kane Cty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011). A district court lacks subject matter jurisdiction where a case or a particular claim for relief is moot, "because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d 1096, 1109 (10th Cir. 2010) ("Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious.").

"It is well established that what makes a declaratory judgment action a proper judicial resolution of a case or controversy rather than an advisory opinion is the settling of some dispute which affects the behavior of the defendant toward the plaintiff." *Cox v. Phelps Dodge Corp*., 43 F.3d 1345, 1348 (10th Cir. 1994) (citing *Ashcroft v. Mattis*, 431 U.S. 171, 172-73 (1977), which held that a claim for declaratory relief is moot when no "present right" is involved and the primary interest is the emotional satisfaction from a favorable ruling) (other internal quotations marks and alterations omitted).

> [W]hen prospective equitable relief is requested, the requesting party must show an ongoing, personal stake in the outcome of the controversy, a likelihood of substantial and immediate irreparable injury, and the inadequacy of remedies at law. . . . Similarly in the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant.

*Hicks v. Podolak*, No. 12-cv-00334-RBJ-MJW, 2013 WL 5443515, at *6 (D. Colo. Sept. 30, 2013) (quoting *Rezaq v. Nalley*, 677 F.3d 1001, 1008 (10th Cir.2012)). In light of Mr. Buhl's cataract surgeries, any declaratory judgment against the Federal Bureau of Prisons in this case would be purely advisory.

6

If Mr. Buhl is relying upon the Tenth Circuit's analysis in *Jordan v. Wiley*, 477 F. App'x

525 (10th Cir. 2012), that reliance is misplaced.  In *Jordan*, the Tenth Circuit explained that

> It is well settled that what makes a declaratory judgment action a proper judicial resolution of a case or controversy is the resolution of a dispute that affects the defendant's behavior toward the plaintiff.  The legal interest that will support a declaratory judgment must be more than simply the satisfaction of a declaration that a person was wronged.

*Id.* at 530 (internal citations and quotation marks omitted).  *Cf. Burnett v. Jones,* 454 F. App'x

655, 657 (10th Cir. 2011) (holding that claims for injunctive and declaratory relief were moot

where the plaintiff prisoner had been transferred and was no longer subject to the conditions of

confinement on which his claims were based) (citing *Green v. Branson*, 108 F.3d 1296, 1300

(10th Cir. 1997)); *Shepard v. Rangel*, No. 12-cv-01108-RM-KLM, 2014 WL 7366662, at *3 (D.

Colo. Dec. 24, 2014) (noting that "a retrospective opinion" that the defendants harmed the

plaintiff is "an impermissible use of a declaratory judgment").

Similarly, Mr. Buhl's request for prospective injunctive relief is now moot in light his

corrective surgeries in 2015.  The injunctive relief that Mr. Buhl originally sought with the

Amended Complaint will not remedy past harms that Mr. Buhl attributes to the individual

Defendants and will have no effect on his current eyesight.  *Cf. Jordan*, 477 F. App'x at 528-29

(declining to grant the injunctive relief sought by the plaintiff-inmate because it "would provide

no remedy for the harm [plaintiff] claims" to have suffered in the past and because "[a]ny such

future need or harm is therefore purely speculative").  *See also Perez v. Dalby Health Serv.*, No.

5:13-CV-00178-C, 2014 WL 3827505, at *4 (N.D. Tex. Aug. 4, 2014) (in a *Bivens* action, held

that '[b]ecause [the plaintiff] was examined by a specialist and underwent surgery – his

requested injunctive relief – after filing his Complaint, his claims for injunctive relief are moot")

7

(citing *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1989)).  *See also Orozco-Barajas v. Zickefoose*, No. 11-3628 (NLH), 2013 WL 2096501, at *8 (D.N.J. May 14, 2013) ("Where an inmate seeks injunctive relief in the form of an order compelling medical treatment, the claim is mooted by the delivery of the requested medical care during the pendency of the litigation.");  *Smith-Bey v. Rose*, No. 5:09-0746, 2011 WL 3924242, at *6 (S.D. W. Va. Aug. 17, 2011) (in a *Bivens* action in which the prisoner was seeking an order requiring the Bureau of Prisons to immediately provide for the surgical removal of a cyst located on his neck, the court held that the plaintiff's request for injunctive relief was moot because the cyst had been removed after the lawsuit commenced).

For the foregoing reasons, I conclude that Mr. Buhl's claims for declaratory and injunctive relief against Defendant Federal Bureau of Prisons in the Amended Complaint should be dismissed with prejudice.  I RECOMMEND that the Federal Bureau of Prisons' Motion to Dismiss be granted.  It bears repeating that in recommending dismissal of the claims against the Federal Bureau of Prisons, this court is expressing no opinion as to the ultimate merits of Mr. Buhl's *Bivens* claims against the individual Defendants.  Those claims will proceed.[6]

### Advisement to the Parties

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

---

[6] The individual Defendants have until March 8, 2016 to answer or otherwise respond to the Amended Complaint. (doc. #129).

general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 26th day of January, 2016.

BY THE COURT:


 s/ Craig B. Shaffer
United States Magistrate Judge