**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 14-cv-00302-REB-CBS

LEROY BUHL,

    Plaintiff,

v.

BLAKE DAVIS,
C. DANIELS,
ANTHONY OSAGIE,
CHARLES SAMUELS, and
FEDERAL BUREAU OF PRISONS,

    Defendants.

---

**ORDER ADOPTING RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

**Blackburn, J.**

    This matter is before me on the following: (1) the **Federal Bureau of Prison's Motion To Dismiss Plaintiff's Amended Complaint [Doc. #64] Pursuant To Fed. R. Civ. P. 12(b)(6)** [#70][1] filed May 8, 2015; and (2) **Recommendation Regarding Defendant Federal Bureau of Prisons' Motion To Dismiss Plaintiff's Amended Complaint** [#134] filed January 26, 2016.  No objections to the recommendation were filed.  Therefore, I review it only for plain error.  ***See Morales-Fernandez v.***

---

    [1]  "[#70]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

*Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the recommendation, I find and conclude that recommendation should be approved and adopted.

The plaintiff, Leroy Buhl, is an inmate incarcerated by the Federal Bureau of Prisons. Generally, this case concerns the claim of Mr. Buhl that he is entitled to be provided cataract surgery in both of his eyes. As this case progressed, Mr. Buhl was provided cataract surgery in both of his eyes. Mr. Buhl asserts against the Federal Bureau of Prisons claims for declaratory and injunctive relief concerning his need for cataract surgery. I agree with the analysis and conclusions detailed by the magistrate judge. The claims of Mr. Buhl against the Federal Bureau of Prisons concerning the need of Mr. Buhl for cataract surgery are now moot. As to both claims, Mr. Buhl has been provided the relief he sought. Absent a live case or controversy, this court lacks subject matter jurisdiction over the claims of Mr. Buhl against the Federal Bureau of Prisons.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation Regarding Defendant Federal Bureau of Prisons' Motion To Dismiss Plaintiff's Amended Complaint** [#134] filed January 26, 2016, is approved and adopted as an order of this court;

2. That the **Federal Bureau of Prison's Motion To Dismiss Plaintiff's**

---

[2] This standard pertains even though plaintiff is proceeding *pro se* in this matter. ***Morales-Fernandez***, 418 F.3d at 1122. In addition, because plaintiff is proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See *Erickson v. Pardus***, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

**Amended Complaint [Doc. #64] Pursuant To Fed. R. Civ. P. 12(b)(6)** [#70] filed May 8, 2015, is granted;

      3.  That all claims asserted in the amended complaint [#64] against the Federal Bureau of Prisons are dismissed with prejudice; and

      4.  That the Federal Bureau of Prisons is dropped as a defendant in this action, and the caption shall be amended accordingly.

      Dated March 8, 2016, at Denver, Colorado.

                                        **BY THE COURT:**

                                        */s/ Robert E. Blackburn*
                                        Robert E. Blackburn
                                        United States District Judge